Judge Ewing

delivered the Opinion of the Court.
The present wife of Daniel and Andrew Cummings were intermarried in Georgia, in 1825. After living together as man and wife six or eight years, the latter separated from his wife, without any apparent cause, and settled himself in Louisville, in this state, leaving his vvife in Georgia. After residing there a few years, he made his last will and testament, by which he bequeathed all his estate, consisting of personal chattels, money, and choses in action, to his half brother, John Anderson, and made him and John Varnuni, his executors, and died childless. His widow afterwards intermarried with John W. L. Daniel, in the state of Georgia; and in conjunction with him, after demanding from the executor, Varnum, who qualified her distributable share of her deceased husband’s estate, without renouncing the provisions of the will in the probate court, or by deed, within twelve months, filed her bill against the executor, and sole legatee, in about fifteen months from the probate, for her portion of the estate, and obtained a decree; from which the executor and devisee have appealed.
It is contended that, having failed to renounce, she is entitled to no part of the estate; but the whole passes by the will to the legatee.
The 24th section of the statute of 1797, (Statute Laws, 1544,) provides that, “When any widow shall not be “ satisfied with the provision made for her by the will of “ her husband, she may, within one year from the time " of his death, before the court having jurisdiction of ‘' the probate of his will, or by deed executed in the “ presence of two or more creditable witnesses, declare “ that she will not take or accept the provision made for *362 " her by such will, or any part thereof, and renounce all “ benefit which she might claim by the same will; and “ thereupon the widow shall be entitled to one third part “ of the slaves whereof her husband died possessed; ‘ ‘ which she shall hold during her life, and at her death, “ they and their increase shall go to such person or persons " to whom they would have passed and gone, if such “ declaration had not been made; and she shall, more- ‘‘ over, be entitled to such share of his other personal es- “ tote, as if he had died intestate, to hold to her as her “ absolute property. But every widow not making a de- “ claration within the time aforesaid, shall have no more “of her husband’s slaves and personal estate than is giv- “ en her by his will.”
And the 28th section, (Statute Laws, 660,) provides that, “When any person shall die intestate as to his “ goods and chattels, or any part thereof, after the funeral “debts and just expenses paid, if there be no child, “ one moiety, or if there be a child or children, one third “ of the surplus shall go to the wife, but she shall have “ no more than the use for her life, of such slaves as shall “ be in her share, and the residue of the surplus, and af- “ ter the wife’s death, the slaves in her share, or if there “ be no wife, then the whole of such surplus, shall be “ distributed in the same proportions, and to the same “persons, as lands are directed to descend in and by an “act of the General Assembly entitled an act directing' “the course of descents.”
It is very clear that the renunciation contemplated by the 24th section, can have application only to cases in which some provision has been made for the wife by the will of her deceased husband. The declaration to be made by her, is that she will not take or accept the provision made for her by the will, or any part thereof, and ronounces all benefit which she might claim by the same, which clearly implies a case in which she has been provided for by the will. In a case where she has been provided for, it is proper that she should be made to release or renounce the provision made for her by the will, before she is permitted to betake herself to the provision made for her by law. It was not intended that she should claim; *363 both, and to entitle herself to the latter, she was required to release the former. But when no provision is made for her by the will, there is nothing to release or renounce. And to require a release or renunciation in such a case, would be to require a vain and idle act, which could accomplish no object, as there is nothing upon which the release or renunciation could operate, and which is not enjoined by the letter or spirit of the section.
According to the literal import of the statutes of distribution, a widow would be entitled a share of her husband's estate, in two cases only—1st, where he dies intestate; 2. where she renounces the will; and to nothing where he leaves a will in which she is pre-termitted. But held, that such could not have been the intention of the Legislature, where a will makes no provision for the testator’ swidow, and that, in such, case—as to her an intestacy,she has the same right to a distributive share of his estate, as tho’ he had left no will, or one that she renounced.
But it is contended that the 28th section makes provision for the wife in case of intestacy only, and the 24th section in case of renunciation only, where a will has been made; and that no provision is made for the wife out of the personalty, except in the case of intestacy or renunciation; and, as the did not intestate, is not entitled to take under the last section; and if no renunciation has been made, or the case is such as not to require a renunciation, she does not fall within the provisions of the first section, and cannot take under it, consequently, she can take under neither, and there is no other provision of law authorizing her to take.
Though the literal import of-the two sections may tend to such a conclusion, we cannot believe that such is the spirit of the enactments, or was within the contemplation or intention of the Legislature.
It is clearly deducible from the two sections taken together, that the Legislature intended to make a more bountiful provision for the wife than she was entitled to before, and to secure that provision to her in despite of the will or testamentary disposition of her husband.— The 28th section designates the portion that she is entitled to, and the 24th section provides the mode by which she may renounce a less beneficial provision made to her by the will, and betake herself to the provision made for her by law. And we cannot believe that the Legislature intended that, when something was left to her by will, that she might release, and throw herself upon the provision made and intended to be secured to her by law, but when nothing was left to her by will, that she was entitled to nothing by law. By this construction, in the very case in which, being pretermitted by her husband, she would most need the bountiful provision of the law, she would be entitled to nothing,
*364 Before and without renunciation, where nothing has keen left her by the will, she occupies the precise same attitude, that she does after renunciation, where a portion has been left her, that is, in either case, she takes nothing by the will,, and in either case may betake herself to the provision made for her by law. The execution of the will, without making any provision for her, is tantamount to a renunciation on her part, as there is nothing to renounce, and leaves-her in the same condition as if a renunciation had. been made, and should and does entitle her to all the provision, made for her by law, in the same manner, and to the same extent, as if a formal renunciation had been made. As to her, there is an intestacy, there being no provision made for herhy the will, and she may, as in case of intestacy, betake herself to the provision made for her by law.
This, in our judgment, is the. policy and spirit of the enactments, and thus construed the beneficent intention pf the Legislature will alone "be carried into full eifect.
It is therefore, the opinion of the Court, that the decree of the Chancellor be affirmed with costs.