*Loughboroughs Exo'r.*
*vs.*
*Loughboroughs Devisee, &c.*

averred *prima facie,* the plaintiff has a right to recover.

---

## Loughborough's Ex'or. *vs.* Loughborough's Dev., &c.    Pet. Eq.

### APPEAL FROM LOUISVILLE CHANCERY COURT.    Case 29.

1. Where the husband made a will before the marriage, in which there is no provision for the wife, there is no necessity for any renunciation of it.

2. The equitable doctrine that money, which is directed by will to be converted into land, is to be treated as land, and land directed to be converted into money and so treated in the distribution, though most usually applied to devises, is equally applicable to cases of deeds. 1 *Br. Chy. Ca.*, 497; 10 *Vez.* 129; 2 *Pr. Wms.*, 320; 3 *Wheaton*, 564.

3. The character of the fund in case of a deed is fixed from its date, in case of a will, from the death of a testator, and it is treated as converted from those periods. 5 *Sim.*, 424; 7 *Hare*, 299; 27th vol. *Eng. Chy. Rep.*

4. By deed property was conveyed to a trustee, to be sold upon such terms and in such manner as to realize the best price, and the proceeds to pay the debts of the grantor in a prescribed order, "and the surplus of the funds produced by the property hereby conveyed shall be held in trust" for the grantor. Held, that from the date of the deed there was a conversion of the realty into personalty, and that in the distribution it should be so regarded, and the widow of the grantor, he having died childless, was entitled to one-half.

P. S. Loughborough and Eliza, his wife, by deed bearing date the first day of November, 1851, conveyed to Joshua F. Speed, certain real and personal estate therein described, in trust, for the purpose of providing for the payment of the debts therein enumerated. The trustee was directed to sell the property conveyed, in such manner and upon such terms as would realize the largest prices, and to make conveyances to the purchasers. He was directed to apply the proceeds of the sales, and the money collected from other sources, to the payments of the debts, and then it was provided that "the surplus of the funds produced by the property conveyed shall be held by Speed in trust for said Loughborough."

The trustee sold a portion of the real estate conveyed to him in trust, but part of it remains unsold, a sale of it not being necessary for the payment of the debts.

Loughborough died in February, 1852. His wife survived him, but he left no children. He had, however, in May, 1847, prior to his marriage, executed a will by which he devised all his estate to his mother.

The trustee after the death of Loughborough filed a petition in the Louisville chancery court, to which he made both the widow and the mother of the decedent parties, and prayed that they might be required to interplead, that his accounts as trustee might be settled, and that he might be directed by the chancellor what disposition to make of the property and money which still remained in his hands.

T. N. LINDSEY, for appellant—

On the part of the appellant it is contended that the marriage of P. S. Loughborough did not operate

to revoke the will which had been previously made, and no renunciation of the will having been by the widow, as provided by law, that the will operates upon all the estate of which P. S. Loughborough, the testator, died possessed.

That the widow cannot contest the correctness of the appropriation of the money received by the executor as agent, before the death of the testator, nor can she claim out of the real estate remaining at his death, other than such dower right as the law gives in real estate, regardless of the will.

It is contended that marriage alone will not operate as a revocation of a will. 1 *Jarman on Wills,* 145. The marriage and the birth of a child will—4 *Kent,* 508.

So it has been held that a conveyance in trust to pay debts will not operate to revoke a will—1 *Jarman,* 171. Chancellor Kent, in giving examples of contracts and conveyances which will operate to revoke a will in equity and at law, uses this language: "There is an exception to the rule in cases of mortgages and charges on the estate, which are only a revocation in equity *pro. tanto* or *quoad* the special purpose, and they are taken out of the general rule from the fact of being securities only—*page* 515.

The devisee contends that the will has not been revoked by any act of the testator, but should have its effect upon the property remaining at his death, and pass to her all the remaining estate of the testator, except such dower interest as the law secured to the widow by statute—1 *Statute Law,* 572. The widow has saved to her by the 2d section of the Statute her dower in lands, rents, &c.—1 *Statute Law,* 1539.

All that can be claimed by the widow in this case, is that she have dower in such real estate as her husband owned at his death, or was undisposed of by the trustee, Speed. She can claim no part of the personal estate, not having renounced the provisions of the will—1 *Dana,* 340. In none of the decisions found is there revocations for the benefit of the widow alone.

<div style="margin-left-note">Loughboroughs Ex'or. vs. Loughboroughs Devisee, &c.</div>

The acquisition of dower is not presumed a revocation, but is a saving in the statute for her benefit. Every will made is subject to this saving; but to avail herself of the benefit of the statute there must be a renunciation of the will within twelve months.

It is denied that the deed of trust made by P. S. Loughborough is a converson out and out, but the land retains its character as land so far as a sale thereof was not necessary to carry out the purposes of the trust—*Story's Equity, section* 1213. He had no purpose to convert more of his real estate than should be necessary to pay his debts.

BALLARD, for appellee—

The appellee claims to be entitled, in the distribution of the estate of her late husband, P. S. Loughborough, to the same share as if he had died intestate, that is, to one-half the personal estate, (there being no child,) after payment of debts, and to one-third of the real estate for life—*Cummings' ex'or. v. Daniel and wife*, 9 *Dana*, 361. And that for purposes of distribution the whole estate of P. S. Loughborough is to be regarded as personally—that the deed of trust imposed upon it that character.

If this view is not sustained by the court, then it is insisted that the property mentioned in the deed of trust is to be regarded as a primary fund, for the payment of the debts therein specified, and that the widow is entitled to stand in the place of creditors, to the extent that the personal estate, not embraced by the deed, has been applied 'to relieve the real estate, and to have dower in so much of the real estate as would have been left if not relieved by the personal property.

It is insisted that the doctrine of equitable conversion applies as well to conversion by deed as by will; and that there has been in this case a conversion by deed of realty into personalty. Real and personal estate was placed in the hands of the trustee; he is

not required to hold the *surplus property* remaining unsold, but the *surplus fund produced* by the property.

It is a familiar doctrine that property will take, for the purpose of distribution, the character which has been impressed upon it by the will of the testator, or deed of the grantor; that money shall be treated as land and land as money. It has been recognized by this court—*Gedge v. Baptist Theological Institute*, 13 *B. Monroe*, 137; *Arnold's ex'or v. Arnold's heirs*, ——; 2 *Story Equity*, 1214; *Craig v. Leslie*, 3 *Wheat*. 563; 14 *Ohio Rep.; 5 Paige; 7 Ib; 8 Ib; Yeak v. Compton*, 2 *Pr. Wms.*, 308; *Dougherty v. Bale*, 2 *Ib*. 323; *Edwards v. Countess of Warwick*, 2 *Ib*. 171; *Beddelph v. Beddelph*, 12 *Vez.*, 160; *Fletcher v. Ashburne*, 1 *Br. Chy. Cases*, 497; *Thornton v. Hawley*, 10 *Vez.*, 129; *Whitdale v. Partridge*, 10 *Vez.*, 138; *Biggs v. Andrews*, 5 *Simons*, 244; *Eng. Chy. Rep., vol, 7; Griffith v. Rickets*, 7 *Hare*, 299.

Judge SIMPSON delivered the opinion of the court.

The rights of the widow are not affected by the will; she is entitled to the same distributive share of the testator's personal estate, and the same interest in his real estate, that she would have been had he died intestate. The will having been made before the marriage did not contain any provision for her; no renunciation therefore, was necessary on her part, because there was nothing for her to renounce. Her rights are the same they would have been had her husband died intestate. *Cummings' ex'or. v. Daniel and wife*, 9 *Dana*, 361.

But as she is entitled to one-half the personal estate absolutely, and only an estate for life in one-third of the real property, the nature and character of the estate which belonged to the testator at the time of his death is a question that has an important bearing on her rights.

On the part of the widow, it is contended that as the deed of trust executed by her husband and herself, directed the real property therein conveyed to be sold and turned into money, that it was an equitable con-

*Margin notes:*

LOUGHBOROUGHS Ex'OR.
*vs.*
LOUGHBOROUGHS DEVISEE, &c.

September 22.

1. Where the husband made a will before the marriage, in which there is no provision for the wife, there is no necessity for any renunciation of it.

LOUGHBOROUGHS
Ex'OR.
vs.
LOUGHBOROUGHS
DEVISEE, &c.

version of it, and it must at the time of the testator's death, for the purposes of distribution, be considered and treated as personal estate. On the side of the devisee it is insisted, that as all the debts have been paid, and thereby the purposes of the trust have been accomplished, the property remaining unsold retains its original character, and that in such a case the doctrine of equitable conversion has no application.

The equitable doctrine that money which is directed to be invested in land, and land which is directed to be sold and converted into money, are to be considered as that kind of property into which they are directed to be changed, has most usually been applied to the case of a devise by will, but still it is equally applicable to the case of a disposition of property made by deed. *Fletcher v. Ashburner,* 1 *Bro. Ch. Cases,* 497; *Thornton v. Hawley,* 10 *Vezey,* 129; *Dougherty v. Bull,* 2 *P. Williams,* 320; *Craig v. Leslie,* 3 *Wheaton,* 563.

The application of this equitable doctrine however, differs in the case of a deed from that of a will, in this particular: the will speaks from the death, the deed from the delivery. If then the maker of the deed impress upon his real estate the character of personalty, that, for the purposes of distribution after his death, makes it personal and not real estate from the delivery of the deed. The property is converted in the lifetime of the author of the deed, whereas, in the case of a will, the conversion does not take place until the death of the testator.

If then the conversion take place from the delivery of the deed, the *status* in which the property is found at the death of the grantor, cannot affect the question to whom it belongs. In the case of *Thornton v. Hawley, supra.* Sir W. Grant said, "There is no weight in the circumstance that the property is found in the shape of money or land, *for the character is to be found in the deed.*" Whenever the language of the deed expresses the intention of its author, that real estate shall be sold and converted into money, the estate thus conveyed and impressed with the charac-

2. The equitable doctrine that money, which is directed by will to be converted into land, is to be treated as land, and land directed to be converted into money and so treated in the distribution, tho' most usually applied to devisees, is equally applicable to cases of deeds. 1 *Bro. Chy. Ca.* 497; 10 *Vez.* 129; 2 *Pr. Wms.* 320; 3 *Wheaton,* 564.

3. The character of the fund in case of a deed is fixed from its date, in case of a will, from the death of the testator, and it is treated as converted from those periods. 5 *Sim.,* 424; 7 *Hare.,* 299; 27th *vol. Eng. Chy. Rep.*

ter of personalty will, as to the claimants after the death of the maker of the deed, retain that character, and be regarded as personal estate. *Biggs v. Andrews*, 5 *Sim.* 424; *Griffith v. Rickets*, 7 *Hare*, 299; 27 *vol. of English Chancery Reports.*

There is no difficulty as to the true construction of the deed in this case. It directs the trustee to sell the property conveyed in such manner and upon such terms as will realize the largest prices, and make conveyances to the purchasers. With the proceeds of the sales, and the notes transferred by the deed, he is required to pay the debts in the order prescribed, "and the surplus of the funds produced by the property hereby conveyed shall be held by said Speed in trust for said Loughborough." The deed does not merely direct the sale and conversion of so much of the real estate as may be necessary for the payment of the debts, and provide that the residue thereof shall be held in trust for the grantor. It directs the whole of it to be sold, and the surplus funds arising from the sale, and not the surplus of the property itself, to be held in trust for the author of the deed.

It is not material then whether a sale of all the trust property was required for the payment of the debts or not, or whether the author of the deed directed a sale of it under the belief that it would all be necessary for that purpose. The deed itself affixes to the property its character, and that without reference to its actual condition at the time of the grantor's death, or to the necessity for a sale of the whole of it for the payment of the debts specified in the deed. This proposition is fully sustained by the cases already referred to, of *Biggs v. Andrews, and Griffith v. Ricketts.*

There is no reason why a court of equity should not be governed by the legal effect of the deed, in deciding in this case, between the claims of the widow and the devisee. The latter has no superior equity to that of the former, and even if they should be regarded as standing upon an equality, the equitable

4. By deed property was conveyed to a trustee, to be sold upon such terms and in such manner as to realize the best price, and the proceeds to pay the debts of the grantor in a prescribed order, "and the surplus of the funds produced by the property hereby conveyed shall be held in trust" for the grantor. Held, that from the date of the deed there was a conversion of the realty into personalty, and that the distribution of it should be so regarded, and the widow of the grantor, he having died childless, was entitled to one-half.

doctrine of conversion operates in favor of the claim of the widow, and must be permitted to have its full effect.

The trust was not fully executed in the lifetime of the author of the deed, nor did any thing take place during that period to alter the legal effect of the deed. It follows, from these views, that the real estate contained in the deed of trust, which has not been sold, and remains as a surplus, must be distributed between the claimants as if it were personal property, and that the widow is entitled to a moiety thereof, her husband having died childless. The chancellor distributed the estate between the parties upon this principle.

Wherefore, the judgment is affirmed.