# MARY ROBERTS v. JAMES H. ROBERTS.

1. EXECUTOR AND ADMINISTRATOR: FINAL SETTLEMENT: WHEN DISTRIBUTEE EN-
TITLED TO PERSONAL SERVICE OF NOTICE.—Where a distributee resides in the
county in which the estate is administered, he is entitled to personal service of
notice of the final settlement of the administrator or executor. See Hutch.
Dig. 683, § 3.
2. SAME: DISTRIBUTION: WIDOW NOT BARRED OF DOWER, WHERE NO PROVISION
MADE IN HER HUSBAND'S WILL.—If there be no provision for the wife in the
husband's will, she is entitled to dower in his estate, as in case of intes-
tacy; and it is unnecessary, in such a case, for her to renounce the provisions
of the will within six months from the date of its probate, in order to entitle
her to her interest in the estate. See Hutch. Dig. 620, §§ 45, 46, 47, 48.
3. STATUTE OF LIMITATIONS: WHEN IT COMMENCES RUNNING AGAINST A CLAIM OF
DISTRIBUTEE.—The Statute of Limitations will not commence running (if at
all) against the claim of the widow to distribution in her husband's estate,
which, by his will, was wholly devised to others, until a final settlement has
been made by the executor. See Young v. Cook, 30 Miss. R. 320.

APPEAL from the Court of Probates of Rankin county. Hon.
William H. Clark, judge.

On the 10th of November, A.D. 1852, James Roberts died, after
making a will, which was duly probated on the 22d day of the same
month, and letters testamentary were granted to James H. Roberts,
the appellee. The will, after making several specific legacies of
small amounts, devised the residue, which consisted of the larger
portion thereof, to his executor. In September, 1856, the executor
filed his final account, in which, among other credits, he claimed
allowance for the payment of the specific legacies bequeathed by
the will, and the balance he claimed as residuary legatee. Cita-
tions were served on all the legatees mentioned in the will, and
publication of notice was made in a newspaper, citing all persons
interested in the estate, to appear and contest the account. No
service of notice was made on the widow, who was, at the time, a
resident of Rankin county, other than by the publication, in the
newspaper before referred to. At the next term, the account was
examined and allowed. In November, 1856, the appellant filed
her petition for distribution in the estate.

The court sustained the defendant's demurrer to the petition, and the petitioner appealed.

*W. C. Harper*, for appellant,
Cited and commented on Hutch. Dig. 620, 621.

*Freeman* and *Dixon*, for appellee,
Cited and commented on Hutch. Dig. 621; 3 Dessaussure, Ch. R. 555; 1 S. & M. Ch. R. 494.

FISHER, J., delivered the opinion of the court.

This was a petition filed by the appellant, in the Probate Court of Rankin county, alleging that she is the widow of James Roberts, deceased. That the deceased left a will, by which he bequeathed his estate to certain persons therein named, failing and omitting to bequeath to the appellant any portion of his estate; that she is entitled, as the widow of the testator, to one-fifth of his estate, under the law, as her portion. That the executor has made a final settlement of the estate, but that she was not legally notified of the same, and is not therefore bound by the action of the court in discharging the executor. The various proceedings of the court, from the probate of the will to the final settlement of the estate, are made exhibits to the petition, and by which it does not appear that the petitioner was otherwise notified of the final settlement, than by a notice published in a newspaper at Brandon, although she alleges that she resided in Rankin county, where the estate was administered.

The appellees appeared, and demurred to the petition, and the court below sustained the demurrer, and from this decree the present appeal has been prosecuted.

The first point to be considered is, whether the notice published in the newspaper, as above stated, was sufficient to make the appellant a party to the proceedings for a final settlement. She resided in the county, and being within the jurisdiction of the court, she could only be made a party by the service of process. Hutch. Code, 683, sec. 3.

Second. The testator wholly failing by his will to provide for his wife, she is entitled to her portion under the law, as in case of in-

·testacy. She was only required to renounce the provision, in the event of the will making a provision for her, and she could not renounce that which was not given, or make an election between a legacy and her portion under the law, when no legacy was given. The statute on this subject is too plain to admit of doubt or construction. Hutch. Code, 620. It is only where something·is bequeathed that she is required to renounce, or is barred of her legal share.

In conclusion,˙we will only remark, that even admitting that the Statute of Limitations would apply to this case, it would only begin to run from the date of the final settlement, and having been made only a few months since, of course no bar has yet attached.

Decree reversed, demurrer overruled, and cause remanded.

A petition for reargument was filed, but the reargument was refused.