Jochem vs. Dutcher.

JOCHEM, Administrator, Appellant, vs. DUTCHER, Respondent.

_November 7 — November 24, 1899._

|104  611|
|107  427|

|104      611|
|113    ²680|

_Wills: Failure to provide for widow: Election: Retroactive statute: Vested rights._

1. Prior to the enactment of ch. 123, Laws of 1895 (providing that the widow shall be entitled to the share of her husband's estate as in cases of intestacy, in cases where no provision is made for her by will), the widow's right to share in her husband's personal estate in case no provision was made for her in his will was limited to the allowances for maintenance, etc., provided in subd. 1, 2, sec. 3935, S. & B. Ann. Stats.

2. Although said ch. 123, Laws of 1895, is retrospective in its language, it cannot affect the distribution of the estate of a person who died before its enactment, since the rights of legatees become vested when the will is probated and relate back to the time of the testator's death.

APPEAL from a judgment of the circuit court for Ozaukee county: JAMES J. DICK, Circuit Judge.   *Reversed.*

*James F. Trottman*, for the appellant.

For the respondent there was a brief by *H. B. Schwin* and *Wm. M. Foster*, and oral argument by *Mr. Schwin*.

WINSLOW, J.   The facts are all stipulated, and may be briefly summarized as follows: Timothy Dutcher, a resident of Ozaukee county, died testate, February 10, 1894, leaving personal estate.   More than thirty years ago he lived in the state of New York, and by his first marriage had two children, one of whom survives, and the other is deceased leaving issue.   By a second marriage, he married the respondent, *Emily E. Dutcher*, and by her had one son, who is still living.   About twenty-eight years ago he deserted the respondent, and came to Wisconsin with one Winefred Rooney, and lived with her as his wife until his death, and had three children by her, who are still living.   He was never divorced from the respondent.   Prior to his death he made his will, in which he made no mention of his legal wife, but gave all his property to Winefred and his children by her.   This will was admitted to probate prior to October 9, 1894, and on that day the respondent filed in the county court an application for a new trial of the question of the probate of the will, which motion was granted, but the will was again admitted to probate after such trial, but at what date does not appear.   Thereafter the respondent was allowed $200 under subd. 1, and $300 under subd. 2, of sec. 3935, S. & B. Ann. Stats., and said sums were paid.   When the estate was about ready for final settlement, the respondent moved in the county court that, by the judgment of distribution, she be assigned one fourth of the personal estate of the deceased. The county court adjudged that she was entitled to one seventh of the net residue of the personal estate; whereupon the administrator with the will annexed appealed from this

judgment to the circuit court, which court adjudged the respondent entitled to one fourth of the personal estate. From this judgment the administrator appeals to this court.

The controlling question presented by the record, and the only one which it is necessary to discuss, is the question whether (prior to the passage of ch. 123, Laws of 1895) a widow was entitled to any part of her deceased husband's personal estate over and above the allowances provided for in subd. 1, 2, sec. 3935, S. & B. Ann. Stats., in a case where the husband had made no provision by his will for his widow. The question was suggested as a question of grave doubt, and requiring further legislation, in *Albright v. Albright,* 70 Wis. 528, and *Church v. McLaren,* 85 Wis. 122, but not decided in either of those cases. Careful consideration of the various statutory provisions on the subject convinces us that it must be answered in the negative. By sec. 2281, S. & B. Ann. Stats., it is provided that every person of full age may dispose of all his personal estate by will. By sec. 2171 of the same statute, it is provided that, when lands are devised to a woman or other provision made for her in the will of her husband, she shall elect whether she will take such lands or provision, or claim the share of his estate provided in sec. 2172. By sec. 2172, it is provided that she shall be deemed to have elected to take under the will, unless she shall *within one year* after the death of her husband file a written election to take under the law in the proper county court, and upon filing such notice of election she shall have the same dower and homestead rights and the same share of his personal property as if the husband had died intestate. No other sections give her any right to interfere with the scheme of the will. The right to devise his personal property is thus made absolute in the husband, subject to the allowances named in subd. 1 and 2 of sec. 3935, above referred to, and which are not in issue here. The right of the widow to set aside the will and take as in case of intestacy is con-

fined by the direct terms of the statute to a case where the will makes *some provision* for her. Where none is made there is no right of election given and hence no right to share in the estate as if it were intestate, because this latter right is entirely dependent upon the making of an election. The whole matter is purely statutory, and where the statute is clear and explicit there can be no change made in it by the courts, even if it works injustice.

The legislature, by ch. 123, Laws of 1895 (which now appears in the last clause of sec. 2172, Stats. 1898), have corrected the evident injustice of the legal provisions above referred to by providing that the widow shall be entitled to the share of her husband's estate as in cases of intestacy, in cases where no provision is made for her by will. This provision is retrospective in its language, but it is plain that it cannot affect the present case, because the rights of the legatees became vested when the will was probated, and related back to the time of the death of the testator. *Scott v. West*, 63 Wis. 529. Hence they could not be affected by subsequent legislation. In this view of the case the consideration of any other questions is unnecessary.

*By the Court.*— Judgment reversed, and action remanded to the county court of Ozaukee county with directions to render judgment in accordance with this opinion.