MAY TERM, 1916.          635

Studebaker Bros. Mfg. Co. *v.* DeMoss—62 Ind. App. 635.

---

STUDEBAKER BROTHERS MANUFACTURING COMPANY *v.* DeMOSS ET AL.

[No. 8,931. Filed June 30, 1916.]

1. HUSBAND AND WIFE.—*Husband's Debts.—Liability.*—Neither the wife nor her property are liable for the debt of the husband incurred before her decease, and she is under no obligation to make provision that such debt be paid out of her estate. p. 639.

2. WILLS.—*Devise.—Validity.*—A wife may validly make such a testamentary disposition of her estate that it cannot be resorted to for the purpose of collecting the debts of the husband incurred before her decease. p. 639.

3. STATUTES.—*Conflicting Provisions.—Repeal by Implication.— Descent.—Wills.—Husband's Election.*—The amendment to §3026 Burns 1914, §2488 R. S. 1881, by the proviso added thereto by the Acts of 1901 p. 118, giving to the surviving husband the property conveyed to him by the wife's will unless he elects to take under the law, repeals by implication the proviso embodied

in §3016 Burns 1914, §2485 R. S. 1881, by the Acts of 1891 p. 71, giving the surviving husband his rights under the law unless he elects to take under the will.   p. 640.

4. WILLS.—Rights of Devisees and Legatees.—Election.—Statute.— Where a deceased wife has made a testamentary provision for her surviving husband, he has no right to elect to take from his wife's estate by the law of descent except as provided in §3046 Burns 1914, Acts 1907 p. 73.   p. 642.

5. WILLS.—Rights of Devisees and Legatees.—Election.—When Necessary.—Statute.—Under §3046 Burns 1914, Acts 1907 p. 73, providing that if by the deceased wife's will property is devised to the husband or provision is made for him therein, he shall take under the will unless he elects to take in accordance with the laws of descent, the filing of an election to take by the will is of no effect, since the statute does not require such an election in order that a surviving husband may abide by his wife's will.   p. 642.

6. WILLS.—Rights of Devisees and Legatees.—Election.—Necessity of.—Statute.—Where by the terms of the wife's will no property is devised to the husband or no pecuniary or other provision is made for him therein, he will take from her estate by the laws of descent irrespective of whether he files an election, since §3046 Burns 1914, Acts 1907 p. 73, requires the filing of an election to take by descent instead of the will only when there is a testamentary provision made for the surviving husband in the deceased wife's will.   p. 643.

7. WILLS.— Rights of Devisees.— Election.— Validity.— Statute.— Under §3046 Burns 1914, Acts 1907 p. 73, providing that whenever any personal or real property is devised to any husband, or pecuniary or other provision is made for him in the will of his late wife, he shall take thereunder unless he elects to take by descent, any testamentary provision coming within the terms of the statute, no matter how small may be the value of the devise, obligates him to elect if he desires to take by descent, and his action in the premises, regardless of whether it is characterized by business acumen, is conclusive.   p. 645.

8. WILLS.—Rights of Devisees and Legatees.—Provision for Husband.—What is.—Election.—Statute.—Where a deceased wife's will contains a provision that the husband execute the trust created by the will, with compensation provided for such services, and that he act as executor of the will, such provision involves enough of value to obligate him, if he desires to take from his wife's estate by descent, to make the election provided for in §3046 Burns 1914, Acts 1907 p. 73, which requires that the husband must elect to take by descent if the deceased wife has made provision for him in her will.   p. 648.

From Decatur Circuit Court; *Alonzo Blair*, Special Judge.

Action by Eleanora Shields and another against the Studebaker Brothers Manufacturing Company and John W. DeMoss, sheriff. From a judgment for plaintiff, the defendant Studebaker Brothers Manufacturing Company appeals. *Affirmed.*

*J. K. Ewing,* for appellant.

*John E. Osborn* and *Frank Hamilton,* for appellees.

CALDWELL, C. J.—Appellant and appellee De-Moss filed a demurrer to the complaint of the other appellees, which demurrer was overruled. Appellees Shields, and Shields, trustee, filed a demurrer to appellant's answer, which demurrer was sustained. Judgment for refusal to plead over was rendered against appellant and appellee De-Moss, sheriff, that they be permanently enjoined as prayed, from which judgment appellant appeals, assigning error on the overruling of the demurrers.

The complaint is to the following effect: Ella H. Shields died testate December 5, 1912, the owner in fee of certain described real estate situate in the city of Greensburg, and survived by her daughter, appellee Eleanora Shields, and her husband, John W. Shields, who, as trustee, was also made an appellee, as her only heirs at law. By the terms of her last will and testament, which was duly probated, and of which her husband by its terms was named as executor, Ella H. Shields devised and bequeathed all her property, both real and personal, subject to the payment of her debts and expenses, to her husband, John W. Shields, in trust for the use, benefit, support, maintenance and education of appellee Eleanora Shields, alleged to be the daughter of testatrix, and John W. Shields, for which purpose he was directed to use the income from the trust, and the

principal or any part thereof if deemed by him to be necessary. The will provided that John W. Shields should take title only as trustee, and in that capacity he was specifically given full power of control, management and disposition, with a provision that in his discretion he might at any time terminate the trust by a conveyance of the trust property to the daughter. The will provided, also, that he might sell any of the trust property at any time at either public or private sale, with or without notice, for cash or on time, as he might determine, and by the will he was expressly authorized to sell or encumber any of the personal or real estate held by him as part of the trust property, without any petition to or permission or authority from any court, and without reporting any such sale to any court for approval, and that his conveyance as trustee should carry a good and perfect title to the property conveyed, without the approval of any court. There was also the following item:

"Said trustee, if he wishes the same, shall be allowed out of said trust estate liberal compensation for services rendered by him as such trustee, and he shall not be required to give any bond or render any account to any court of his acts and doings as such trustee."

The will was executed July 23, 1904. Facts are alleged to the effect that John W. Shields on December 14, 1912, elected to abide by the will by the execution of an instrument as provided in §3047 Burns 1914, Acts 1907 p. 73.

Correctly construing the will, there is an allegation that John W. Shields has and holds the title to the real estate involved only for the use of Eleanore Shields, the beneficiary in fee, and that John W. Shields, the surviving husband of Ella H. Shields, has no interest therein. It is further alleged that in February, 1913, appellant in the

Decatur Circuit Court recovered a judgment against John W. Shields in his individual capacity, and that afterwards, in the same month, appellant caused execution to issue on such judgment, and to be delivered to appellee DeMoss, as sheriff, who thereupon levied such execution on the undivided one-third part in value of such real estate as the property of John W. Shields, and that he had advertised such one-third for sale under the levy. There follow the necessary technical averments, with a prayer for injunction and to quiet title.

Proceeding to determine the sufficiency of the complaint, if, notwithstanding the fact of the wife's will and the act pleaded as an election, John W. Shields, as surviving husband and heir of his deceased wife, took by descent the one-third part of the lands described in the complaint, this cause must be reversed; otherwise, affirmed. Appellant's judgment against John W. Shields was rendered after the decease of his wife, the probate of her will, and the filing of such election. If therefore John W. Shields, at the decease of his wife, became the owner of an estate in the lands described in the complaint, such judgment, under the facts alleged, did not at that time become a lien on such estate in the lands, as the judgment was not at that time in existence. The record does not disclose when or the circumstances under which the debt that formed the basis of the judgment was created. If before the decease of the wife, then it may be said that neither she nor her property was liable for its payment, nor was she under any obligation to make provision that it might be paid out of her estate after her decease. In short, if she took steps to dispose of her property in such a way that it might not be resorted to for the purpose of collecting such debt, she did not violate any law by the mere fact of so

doing. If the debt was created after the decease of the wife, then the record brings to our attention no facts sufficient to constitute an estoppel in favor of appellant. Under such circumstances, the question here must be determined from a consideration of the relation existing between John W. Shields and his deceased wife's estate, and independent of equities in favor of appellant. The record presents no equities in appellant's favor as against the estate of testatrix, and it may therefore be awarded only those rights which are strictly legal. The question of whether John W. Shields inherited an interest in his wife's land must be determined solely from a consideration of his relation to the estate. If he did inherit such interest, appellant's right must be predicated solely on the fact of its judgment and the action taken thereunder. *Huffman* v. *Copeland* (1894), 139 Ind. 221, 38 N. E. 861.

The following statute has been in force since 1853: "If a wife die testate or intestate, leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage." §2485 R. S. 1881, §3016 Burns 1914. A proviso by way of amendment on the subject of election was added to this section in 1891 (Acts 1891 3. p. 71). This proviso was repealed by implication by an act passed in 1901 (Acts 1901 p. 118), amending §2649 Burns 1894, and need not be further noticed here. *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374. There being no debts of the class mentioned in §3016, *supra*, it follows by virtue of such section that the title to one-third of the lands described in the complaint vested in John W. Shields at the decease of his wife, notwithstanding her last will, and continued in him until appellant's judgment was rendered, and it

thereupon became subject to the lien thereof, unless such result is prevented by the operation of some other statute, or by some conveyance, estoppel or waiver. *Noble's Exrx.* v. *Noble* (1862), 19 Ind. 431; *O'Hara* v. *Stone* (1874), 48 Ind. 417; *Roach* v. *White* (1884), 94 Ind. 510; *Payton* v. *Monroe* (1899), 110 Ga. 262, 34 S. E. 305.

Appellee contends that, under the facts of this case, the effect of §3016, *supra,* is controlled and nullified by §2 of the act of 1907, and by the steps subsequently taken by John W. Shields, pleaded here as an election, and which election appellees claim was authorized by such section, which is as follows: "That whenever any personal or real property be bequeathed or devised to any husband, or a pecuniary or other provision be made for him in the will of his late wife, such husband shall take under such will of his late wife, and he shall receive nothing from his wife's estate by reason of any law of descent of the state of Indiana, unless otherwise expressly provided in said will, unless he shall make an election to retain his rights in his wife's estate given to him under the laws of the state of Indiana, which election shall be made in the manner hereinafter provided." Acts 1907 p. 73, §3046 Burns 1914. Section 3047 Burns 1914, *supra,* provides that such election shall be in writing signed, acknowledged and filed substantially in form as was done by John W. Shields here. Appellees contend that §3046, *supra,* authorized the election pleaded here, and that John W. Shields therefore took no part of his wife's estate under the statutes of descent, and that his interest in such estate is measured by the terms of the will. Appellant, however, contends that the facts here do not bring this case within the scope of such statute

so as to render it applicable, for the assigned reason that by the terms of his wife's will no property was devised to John W. Shields, nor was there any pecuniary or other provision thereby made for him. To such argument appellees rejoin in effect that, if it be conceded that the existence of a property, pecuniary, or other provision is essential in order that such statute may be applicable, then the fact that John W. Shields was named as executor of the will, and trustee of the trust thereby created, with the stipulation that he should be compensated for his services in the latter capacity amounts to such a provision.

Directing our attention first to the act pleaded as an election, it will be observed that John W. Shields thereby signified his purpose and intention to abide by the will, and to relinquish all rights as surviving husband under the statutes of descent.

In such a case, as is presented here, the 4. right to elect is a creature of the statute, and is grounded only on the provisions of §3046, *supra*. Independent of that statute, such right of election does not exist. That statute authorizes a surviving husband to elect only in case he desires to retain his rights under the statutes of descent. In cases coming within the provisions of that statute, so that the right to elect exists, the surviving husband must elect "to retain the rights in his wife's estate given to him under the laws of the state," or he will be bound by the will. It follows that the act pleaded here as an election was of no effect, and that, if the above 5. statute is applicable, no part of his wife's estate passed by descent to John W. Shields, not by reason of such election to abide by the will, but because he failed to elect to retain his rights as aforesaid. The statute does not require an elec-

tion in order that a surviving husband may abide by his wife's will. *Fosher* v. *Guilliams* (1889), 120 Ind. 172, 22 N. E. 118.

We proceed to the question of whether the will here, when measured by the terms of §3046, *supra*, was of such a nature in its relation to the personal interest of John W. Shields as to invoke the statutory election on his part. Reading §§3016 and 3046, *supra*, together, by the former it is provided substantially that, if the wife die testate or intestate, one-third of her real estate shall descend to the surviving husband. Where that section controls, it is not within the power of the wife by will to deprive her husband of one-third of the real estate owned by her at her decease. The effect of §3046, *supra*, is to modify §3016, *supra*, under the circumstances outlined by the former. These circumstances are in substance that if, by the wife's will, property is devised or bequeathed to the husband, or a pecuniary or other provision is made for him, he shall not take by descent, but rather he shall take only what is given him by the will, unless he shall in manner and form as specified elect to take by descent. In such a case, if he fails to elect, he takes only under the will, unless the will expressly provides that the provision made for him is in addition to his statutory rights or some part thereof. The statute is silent respecting a case where, by the terms of the wife's will, no property is devised or bequeathed to the husband, and no pecuniary or other provision is made for him by the wife's will. In such a case, looking to the express language of §3046, *supra*, the 6. statutes of descent are not thereby modified or affected. Action on the part of the husband is not invoked. The will does not affect his interests. He may remain passive and thereby

he takes by descent. Such is the language of the statute, and we construe it as indicated. To such effect are the decided cases in other jurisdictions involving somewhat similar statutes. *Cummings* v. *Daniel* (1840), 39 Ky. (9 Dana) 361; *Loughborough* v. *Loughborough* (1854), 53 Ky. (14 B. Mon.) 549; *Smoot* v. *Heyser's Exr.* (1902), 113 Ky. 81, 67 S. W. 21; *Roberts* v. *Roberts* (1857), 34 Miss. 322; *Sperry* v. *Swiger* (1903), 54 W. Va. 283, 46 S. E. 125; *Burrall* v. *Bender* (1886)., 61 Mich. 608, 28 N. W. 731; *Jochem* v. *Dutcher* (1899), 104 Wis. 611, 80 N. W. 949; *McGhee* v. *Stephens* (1887), 83 Ala. 466, 3 South. 808.

Doubtless the language of a statute might be such as to create the right or the duty to elect between a will and the statute of descent where no testamentary provision is made for the surviving spouse. In such a case, the broad alternative would be merely whether the will should stand as against a surviving husband or wife, or the statutes of descent should be given effect. Such is the holding of this court in *Traudt* v. *Hagerman* (1901), 27 Ind. App. 150, 60 N. E. 1011. That case, however, was decided under the proviso to §3016, *supra*, repealed as we said by said act of 1901 (Acts 1901 p. 118). The proviso to §3016, *supra*, differed so radically in its provisions from §3046, *supra*, that the Traudt case can scarcely be considered as either authoritative or controlling here. It may be said also that *Huffman* v. *Copeland*, *supra*, is scarcely in point here, since in that case there was a testamentary provision in the husband's favor, and weight is given to the fact that the will was made pursuant to a contract between the husband and wife. We proceed to determine whether by the terms of the will involved here any real or personal property was devised or bequeathed to the

MAY TERM, 1916.                    645

Studebaker Bros. Mfg. Co. *v.* DeMoss—62 Ind. App. 635.

husband, or whether thereby any pecuniary or
other provision was made for him.  The statute
is to the effect that if any provision is made
7. for the husband by the wife's will, regard-
less of whether it be a property provision,
a pecuniary provision, or a right not strictly class-
ifiable as property, or not strictly of a pecuniary
nature, the fact of such provision requires him to
elect in manner and form as specified "to retain
the rights in his wife's estate given him under the
laws of the state," and failing so to do, he "shall
take under such will of his late wife, and he shall
receive nothing by reason of any law of descent
of the state of Indiana, unless otherwise expressly
provided in said will."  The obligation to elect
does not depend on comparative values.  The
provision made for him by the will may be very
much less in value than his rights under the statutes
of descent, or it may have no real marketable or
monetary value, still, if it confers on him some
benefit, he is put to an election.  The fact of a
provision made by the will, rather than its value,
arouses the obligation to elect, and the election
when made, either by actively choosing rights under
the statute, or by passively surrendering them, is
binding on him and all the world, regardless of
whether it is characterized by the exercise of busi-
ness acumen.

If provision is made for the husband by the
will involved here, it consists in the fact that he is
named as trustee of the trust thereby created, and
also in that he is nominated as executor of the
will.  As we have indicated, the will provides that
he shall receive out of the trust estate liberal
compensation for his services in the former capacity,
and he is entitled to reasonable compensation for
services in the latter capacity also, although the

will does not expressly so stipulate. *Carter* v. *Harvey* (1899), 77 Miss. 1, 25 South. 862, is cited by appellees as conclusive on the proposition that appointment to the trusteeship created by the will and nomination to an executorship thereunder amounted to a provision for the husband under the statute which we are considering. That case, while to some extent applicable, is scarcely conclusive here. The scope of the decision is indicated by the following quoted therefrom: "The will of Mrs. Harvey did not fail to make any provision for her husband. The error of the counsel for appellant arises out of his reading into §4497 of our code the words any 'adequate' or 'sufficient' provision for the husband. * * * In the case before us there was no failure to make any provision by the will of the wife for the husband. He was made executor of the will and guardian of the infant children (then of very tender age), without bond, with the right to use the estate as he always had done, for the benefit of the infants. He thus had some provision made for him. Besides, the whole of the estate was bequeathed and devised to him absolutely in the event of the children of the testatrix dying before reaching their majority. These provisions of the will were statisfactory to the husband, for he has never renounced the will, and it is not for his creditors to renounce for him." The fact that, by the terms of the will in that case, there was devised to the husband a contingent remainder in fee in all the lands of which the wife died seized of itself constituted a substantial though conditional provision for the husband, and such fact possibly to some extent influenced the decision. Moreover, by the provisions of the will there, the husband was authorized as guardian to use the estate devised in supporting and maintaining

the infant children.   As the husband was under not only a moral but also a legal obligation to support and maintain such children, it is apparent that the fact that he was to an extent relieved from such legal obligation by reason of the fund to that end created by the wife's will, amounted to a provision for him.   It is held that a right created in one as trustee to use the trust property to aid him in rearing and educating his children constitutes in him "a beneficial interest of a pecuniary character." *Ex Parte Kilgore* (1889), 120 Ind. 94, 98, 22 N. E. 104.

By the terms of the wife's will in the case at bar, the trustee is authorized to use the income, and if necessary the principal, of the trust estate in maintaining and educating his daughter, the appellee Eleanora Shields.   It is a reasonable inference from the will that, at the time of the execution thereof, the daughter was a minor; but the record fails to disclose her age at the time of the probate of the will.   If more than twenty-one years of age at that time, the husband, of course, would be under no legal obligations personally to maintain or educate her.   The Carter case then is scarcely parallel to the case at bar.

As we have said, the husband here is entitled to compensation for his services both as trustee and as executor.   His right to serve as trustee is based entirely upon the will.   The same may be said of his right to serve as executor, since the wife, had she chosen, might have named some one else to serve in either or both capacities.   His right to compensation then, as indicated, is based entirely upon the will.   It is true that in either capacity compensation received must be measured by services performed, and that the husband in executing such trusts renders to the estate as much

of value as he receives therefrom, and hence it is somewhat plausible to conclude that no provision is made for him by the will. The problem of electing one thing to the exclusion of another presents itself to the person interested as a practical proposition. He chooses as to him seems best under all the circumstances confronting him. As a practical proposition, the opportunity to dispose of a person's services for a compensation may under some circumstances—perhaps under all circumstances—be a very real and substantial benefit to such person. If the opportunity affording a person so to dispose of his services is to him a benefit of considerable magnitude under some circumstances, then under any circumstances, where he avails himself of such opportunity, some degree of benefit to him must be involved from his viewpoint, or he would have refused so to dispose of his services. As a practical proposition, his selection to a trusteeship of an extensive estate where the trust is to continue for a long period of time might have a very considerable pecuniary value. Under other circumstances, the pecuniary value of the trusteeship might be small. In the case at bar the monetary value to the trustee of the trust created by the will may be small or it may be large. On this subject the record does not advise us. Nor is it important in the determination of this cause. We conclude that the right created in the husband to 8. execute the trust created by the will and to serve as executor thereunder involves enough of value to amount to a provision made for the husband by his wife's will.

Had the husband here elected to take under the laws of descent, such fact would not have entirely destroyed the trust created by the will. The trust would have remained as to all the estate except

the part thereof that would have descended to the husband. Under such circumstances, also, the necessity for an executorship would have remained. It is perhaps true that the husband's election to take under the statutes of descent would not have been inconsistent with his continuing as trustee and executor. See *Macknet's Exrs.* v. *Macknet* (1873), 24 N. J. Eq. 277, 294; 40 Cyc 1987; *Mitchells* v. *Johnsons* (1835), 33 Va. (6 Leigh) 461. From these facts, it may very plausibly be argued that the situation did not present to the husband two inconsistent rights or interests, and hence that the terms of the will here are such as not to invoke an obligation to elect. Such argument, however, is not entirely sound as applied to the facts of this case. Had the husband elected to take under the statutes of descent the interest in his wife's estate that would thereby have become vested and certain in him, by the same act, he would have been released from the trust. Conceding then that the trust would have continued under the circumstances indicated, and that such an election would not have ousted him from the trusteeship, still, as indicated, the scope of the trust would thereby have been narrowed. In one case the trust would involve but a portion of the estate; in the other, it in fact involves the entire estate. By electing, as indicated, he would thereby have chosen to take a portion of the estate as his own, with the right to execute a trust in the balance thereof. By failing to elect, he chose to surrender any portion of the estate as his own, but with the right to execute a trust involving the whole thereof. We conclude that the court did not err in overruling the demurrer to the complaint. The question of whether a nomination to an executorship would

of itself constitute a provision within the meaning of the statute is not presented or decided.

We do not feel that we should be justified in setting out appellant's answer, or the substance thereof. After carefully considering it, we conclude that it falls far short of stating a defense to the cause of action as pleaded. The court did not err in sustaining a demurrer thereto. The judgment is affirmed.

NOTE.—Reported in 113 N. E. 417. Noncompliance with statute concerning election, effect, Ann. Cas. 1916C 1207.