Filed Dec. 18, 1889.

———◆———

No. 15,135.

## MILLER v. THE STATE.

CRIMINAL LAW.—*Abduction.*—*Indictment.*—*Insufficiency of.*—An indictment under section 1993, R. S. 1881, providing that "Whoever entices or takes away any female of previous chaste character from wherever she may be to a house of ill-fame or elsewhere, for the purpose of prostitution, shall be imprisoned," etc., must aver that the female was enticed or taken to a house of ill-fame or to a house of *like character.*

SAME.—*Indictment.*—An averment in the indictment that the female was taken to a place named, "for the purpose of unlawfully and feloniously prostituting her," is not equivalent to the words of the statute, to wit, "for the purpose of prostitution."

From the Morgan Circuit Court.

Miller *v.* The State.

*J. H. Jordan, C. G. Renner, J. V. Mitchell* and *O. Matthews,* for appellant.

*L. T. Michener,* Attorney General, *W. R. Asher,* Prosecuting Attorney, *W. R. Harrison, G. A. Adams, J. S. Newby, N. A. Whitaker, A. M. Cunning, E. M. McCord* and *J. H. Gillett,* for the State.

MITCHELL, C. J.—The appellant was tried and found guilty, as charged in an indictment predicated upon section 1993, R. S. 1881, which reads as follows: " Whoever entices or takes away any female of previous chaste character from wherever she may be to a house of ill-fame, or elsewhere, for the purpose of prostitution, shall be imprisoned," etc.

It was charged in the indictment, substantially, that the appellant and two other men, who are jointly indicted with him, did unlawfully and feloniously entice and take away, etc.; a certain female named, 16 years of age, of previous chaste character, to a certain room in the house of an individual named, which was occupied by one of the defendants, " for the purpose of unlawfully and feloniously prostituting her," the female named. In one of the counts the charge was that the female was enticed and taken, as above mentioned, for the purpose of prostituting her, and of having · carnal intercourse with her.

It will be observed that the act prohibited by the statute is the enticing or taking any female of previous chaste character to a house of ill-fame, or elsewhere, for the purpose of prostitution. The purpose of this statute, doubtless, was to punish debased persons, whether male or female, who should engage in the baneful and pernicious practice of inducing chaste females to become inmates, or frequenters, of houses of ill-fame, assignation, or other places for purposes of prostitution. It is not aimed at the person, however despicable or infamous his offence, who entices, allures, or solicits a chaste female, from wherever she may be, to accompany him to any

Miller v. The State.

convenient or opportune place, for the sole purpose of having illicit intercourse. The offence consists in the alluring, enticing, or taking a female of chaste character to a house of ill-fame, or other place of like character, for the purpose of prostitution, that is, for the purpose of having common, indiscriminate, meretricious commerce with men, and not merely for the purpose of having sexual intercourse with the party who enticed, or took her away. *Fahnestock* v. *State*, 102 Ind. 156 ; *Osborn* v. *State*, 52 Ind. 526; *Commonwealth* v. *Cook*, 12 Metc. 93 ; *State* v. *Stoyell*, 54 Me. 24 ; *Carpenter* v. *People*, 8 Barb. 603; *State* v. *Ruhl*, 8 Iowa, 447 ; *People* v. *Plath*, 100 N. Y. 590.

It was essential, therefore, that it should have been charged in the indictment that the female was enticed or taken to a house of ill-fame, or other place of like character, for the purpose of prostitution. In respect to the place to which the female was enticed, the charge is that she was taken to a room in the house of an individual named, which room was occupied by one of the defendants. In the absence of any further characterization of the place, the inference arises that the room to which the female was taken was the private apartment of one of the defendants, in the house of a third person. The character of the place into which the female is enticed or inveigled is one of the essential elements of the crime, and a charge that a female was enticed to the apartment or room of the defendant, without some further characterization of the present or prospective use to which it is, or is to be, put, does not bring the offence within the prohibition of the statute. The place into which the female has been enticed must have been a house of ill-fame, or elsewhere, that is, some other place of like character, where prostitution of the character practiced at houses of ill-fame or assignation was, or was intended to be, carried on. *Carpenter* v. *People*, *supra*.

This is according to the rule which declares that where words of particular description in a statute are followed by

general words that are not so specific and limited, unless there be a clear manifestation of a contrary purpose, the general word or words are to be construed as applicable to persons or things, or cases of like kind, as are designated by the particular word or words. Bishop Statutory Crimes, sections 245, 246. Thus, in *State* v. *McCrum*, 38 Minn. 154, it was held, where a statute made it an offence to entice an unmarried female under a certain age into a house of ill-fame, or of assignation or elsewhere, for the purpose of prostitution, etc., that an indictment in which it was alleged that a female had been inveigled into a certain dwelling-house for the purpose, etc., without further describing the character of the place, was not sufficient. *Berg* v. *Baldwin*, 31 Minn. 541.

In respect to the other essential feature of the indictment, the averment is, as we have seen, in one count, that the female was enticed and taken to the place described " for the purpose of unlawfully and feloniously *prostituting her,*" to which is added in the other count " and for the purpose of having carnal intercourse with her." The clear implication which arises from these averments is that the defendants, among whom was the appellant, enticed the female to the private apartment of one of them for the purpose of illicit sexual intercourse. As before remarked, execrable as the offence was, this is not the one which the statute was designed to punish. " In its most general sense, prostitution is the setting one's self to sale, or of devoting to infamous purposes what is in one's power. In its more restricted sense, it is the practice of a female offering her body to an indiscriminate intercourse with men ; the common lewdness of a female." *State* v. *Stoyell, supra ; Carpenter* v. *People, supra ;* Anderson Law Dict., title " Prostitution."

The statute, section 2003, declares that "Any female who frequents or lives in houses of ill-fame, or associates with women of bad character for chastity, either in public or at a house which men of bad character (for chastity) frequent or

visit; or who commits fornication for hire,—shall be deemed a prostitute." Prostitution, therefore, under the statute, must mean the frequenting or living in houses of ill-fame, or associating with women of bad character for chastity, as described in the statute, or the practice of committing fornication for hire. *Fahnestock* v. *State, supra; State* v. *Rice*, 56 Iowa, 431; *People* v. *Parshall*, 6 Parker, 129.

The phrase, " for the purpose of prostituting her," is of doubtful signification, and has no legal or technical meaning whatever. It seems to have been employed by the pleader as synonymous with the act of having illicit intercourse, and to express the idea that the defendants took the female to the place described for the purpose of having illicit intercourse with her. The averment that she was taken for the purpose of " prostituting her," was not the equivalent of an averment that she was so enticed and taken for the purpose of prostitution. The distinction between the present case and *Henderson* v. *People*, 124 Ill. 607, is plain and need not be remarked upon.

The indictment was insufficient for two reasons : 1. Because it did not aver that the female was enticed or taken to a house of ill-fame, or to a place of like character. 2. Because it failed to aver that she was taken to such a place for the purpose of prostitution.

If it was within our province to do so, we should not hesitate to make it a felony for any one to entice, allure or take any female of previous chaste character to any place whatever for the purpose of prostitution, or of having illicit carnal intercourse with her. The duty of the court, however, is to construe the law as it finds it, and not by judicial legislation attempt to make it conform to what it may think it ought to be. The subject should receive the attention of the Legislature, as we do not hesitate to say the statute needs amendment, so that persons guilty of outrages, such as the evidence in this case discloses, may be adequately punished.

The judgment is, therefore, reversed.    The clerk will make the proper order for the return of the appellant.

Filed Dec. 18, 1889.