### TRAUDT *v.* HAGERMAN ET AL.

[No. 3,874.    Filed June 20, 1901.]

WILLS.—*Husband and Wife.—Election by Husband.—Creditors.*— Under the provision of §2642 Burns 1894, giving a widower one-third of the real estate of his deceased wife and providing that if the wife left a will such widower "may elect to take under the will instead of this or any other law of descents," etc., a widower may elect to take under his wife's will, although he is not a beneficiary of the will, and such election defeats the enforcement of claims by his creditors.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by Frederick Hagerman and others against Katie Traudt to quiet title. From a judgment in favor of plaintiffs, defendant appeals. *Reversed.*

*G. V. Menzies* and *L. M. Wade,* for appellant.
*F. P. Leonard* and *H. F. Clements,* for appellees.

COMSTOCK, J.—Appellees, who were plaintiffs below, brought this suit to quiet title to an undivided one-third interest in certain real estate in the city of Mt. Vernon, Indiana. The complaint consisted originally of one paragraph, to which an answer was filed; subsequently a second paragraph was filed; to this a demurrer for want of facts was overruled. Plaintiff dismissed as to the first paragraph, and appellant failing to plead further to the second, judgment was rendered thereon in favor of appellees quieting their title to said real estate.

The material averments of the second paragraph of the complaint upon which the judgment was rendered are, that on the 22nd day of June, 1898, one Christina Traudt died seized as the owner in fee simple of certain lots and parcels of real estate in the city of Mt. Vernon, Indiana, which are described; that said Christina Traudt died testate, leaving as her only heir at law Philip Traudt, her widower; that neither the said Christina Traudt nor said Philip Traudt

ever had children; that the last will and testament of Christina Traudt was duly probated on the 23rd day of June, 1898. The will is set out in full. It contains but three items. (1) Provision for the payment of debts; (2) devise and bequeathment of all the estate, real and personal, to appellant, Katie Traudt; (3) appointment of an executor. That after the probate of the will, plaintiffs caused executions on judgments rendered in their favor against said Philip Traudt to be issued and placed in the hands of the sheriff of Posey county, who levied the same upon the right, title, and interest of said Philip Traudt in the real estate of which said Christina Traudt died seized in fee simple. That by virtue of said executions, the said interest of Philip Traudt in the real estate was sold on the 10th day of September, 1898, to the plaintiffs, and the said Philip Traudt failing to redeem the real estate, a deed was executed one year after the sale by the sheriff to the plaintiffs. That on the 10th day of August, 1898, said Philip Traudt attempted to elect to take under the last will and testament of Christina Traudt, and filed in the office of the clerk of the Posey Circuit Court his written election to take under the will of his wife, instead of under the statute of descents of Indiana, setting out the written election of Philip Traudt, and acknowledgment and recording of the same, followed by the averments that the defendant by virtue of the last will and testament of Christina Traudt claims to be the owner of all the real estate; and plaintiffs by virtue of their deed from the sheriff of Posey county are the owners of an undivided one-third of said real estate, concluding with the prayer that plaintiff's title to one-third of the real estate be quieted against the appellant. The overruling of the demurrer is the only error assigned.

The question presented is whether a widower must be a beneficiary under the will of his wife before he can make an election. The language of the statute is "to elect to take." The learned trial court evidently took the view that because

there was no provision made by the will for the widower there was nothing to take, nothing to choose between. Upon this construction by parity of reasoning, if any provision though insignificant had been made, such provision for the husband would have given him the choice of election.

We think this was not the purpose of the legislature. The right to elect does not depend upon the amount devised to the husband or the wife. In *Parvin* v. *Wimberg,* 130 Ind. 561, 30 Am. St. 254, 15 L. R. A. 775, the court say: "The purpose of construing a statute is to arrive at the intention of the legislature. For that purpose the courts will look to the whole statute and all its parts, and when such intention is so ascertained, it will prevail over the literal import and the strict letter of the statute." The legislature's intention as collected from an examination of the whole as well as the separate parts of a statute will prevail over the literal import of particular terms and will control the strict letter of the statute when an adherence to such strict letter would tend to injustice, to ambiguity, or to contradictory provisions. "In the construction of statutes, the prime object is to ascertain and carry out the purpose of the legislature in their enactment. To do this, the words used in the instrument should be first considered in their literal and ordinary signification, but it is often necessary to inquire beyond such meaning of words." *City of Evansville* v. *Summers,* 108 Ind. 189, 192. See, also, *Mayor* v. *Weems,* 5 Ind. 547; *Middleton* v. *Greeson,* 106 Ind. 18; *Miller* v. *State, ex rel.,* 106 Ind. 415; *Stout* v. *Board, etc.,* 107 Ind. 343; *City of Valparaiso* v. *Gardner,* 97 Ind. 1, 49 Am. Rep. 416; *Maxwell* v. *Collins,* 8 Ind. 38; *Taylor* v. *Board, etc.,* 67 Ind. 383; *Prather* v. *Jeffersonville, etc., R. Co.,* 52 Ind. 16.

The rule for the construction of remedial statutes is that cases within the reason though not within the letter of a statute shall be embraced by its provisions; and cases not within the reason though within the letter shall not be taken to be within the statute. *State* v. *Canton,* 43 Mo. 48; *People* v. *Albertson,* 55 N. Y. 50.

The law as it existed prior to 1891 cast upon the husband one-third of his deceased wife's real estate. By the act of March 4, 1891, §2642 Burns 1894, §2485 Horner 1897, the proviso was added to the statute giving to the widower the right to elect to take under the will, making the statute read as follows: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however to its proportion of the debts of the wife contracted before marriage: Provided, If the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which election shall be made within ninety days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases." See, Lahr v. Ulmer, ante, 107, as to the legislation upon this subject.

This legislation was not in the interest of the creditors of the widower. The law already made him the forced heir of his wife. It seems reasonable to conclude that the purpose of the legislature was to enable the husband, and not his creditors, to say whether the disposition made by his wife of her separate estate should stand. Through the law there runs the purpose of carrying out the lawful intentions of a testator as expressed in his last will. It does not make the wills of, nor does it discriminate against, married women.

The real estate of Christina Traudt was her separate property. It was not within the control of her husband or of his creditors. It could not be made available for the payment of his debts except with her consent. Together they could have disposed of it, making such disposition of the proceeds as to them seemed proper. During her lifetime, her husband joining her, she could have conveyed it to the appellant, and the creditors of her husband could in no way have interfered with such disposition. She was under no legal or moral obligation to discharge the pecuniary obligations of her husband. The statutes providing for the disposition of property by the

will of the husband or wife and for an election by either of them to accept its benefits, is for the benefit of those sustaining that relation. They have reference only to their interests and preferences; the interests of the creditors are not taken into consideration. It is a matter solely between the husband and wife. It permits that to be done after the death of either one of them with reference to that portion of the estate of the deceased which without the authority of the statute vested at once in the survivor what together they might have done during their joint lives. The right of election is in the husband and not in his creditors. If they have any interest in the land, it must be through Philip Traudt and because he at once by operation of law became seized in fee simple of one-third thereof. But he had, by his election in conformity to the statute, estopped himself from claiming title to such real estate. To disregard that election would . be to deprive him of all right to accept or agree to the disposition made by his wife of her property; and that the right of election is in the creditor and not in the widower. We are of the opinion that such a view of the statute would be contrary to the intention of the legislature and an unauthorized construction of the statute.

Judgment reversed, with instruction to sustain the demurrer to the second paragraph of complaint.