## SCHREEDER *v.* WERRY ET AL.

[No. 5,308. Filed March 14, 1905.]

1. FRAUDULENT CONVEYANCES.—*Husband to Wife.—Preference.— Stale Debt.*—The husband has a right to prefer creditors on insolvency, and may prefer his wife when it is done honestly in the payment of a just debt.   p. 85.

2. APPEAL AND ERROR.—*Evidence.*—Although the evidence may appear improbable on appeal, yet if it is conflicting, the trial court's finding will not be disturbed, such court being in a superior position to judge of the credibility of the witnesses.   p. 85.

From Warrick Circuit Court; *Elbert M. Swan,* Judge.

Action by Rebecca Schreeder against Frank Werry and wife.   From a decree for defendants, plaintiff appeals. *Affirmed.*

*Edward Gough,* for appellant.
*E. J. Crenshaw,* for appellees.

COMSTOCK, C. J.—Appellant brought suit to annul a conveyance made by Frank Werry to his wife, Mary Werry, appellees, and to subject the land thereby conveyed to the payment of a judgment held by appellant against the said Frank Werry.   The appellees contended that the conveyance was not fraudulent, and that it was made in payment of debts for money loaned by the wife to her husband in 1873 and 1883.   The court found for the defendants, and rendered judgment in their favor for costs.

Appellant assigns as error the action of the court in overruling her motion for a new trial.   The reasons set out in the motion for a new trial are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law.

1.   The learned counsel for appellant recognizes the rule that a debtor may prefer his creditors.   The fact that the creditor, as in the case before us, is the wife of the debtor, furnishes no exception to the rule.

2.   He contends, however, that the evidence shows that appellee Frank Werry was not indebted to his wife, appellee Mary Werry, and that the deed in question was fraudulently made by the grantor and fraudulently accepted by the grantee.   The evidence as to the consideration for the conveyance was introduced by appellee.   It is not contradicted, and, if believed, is sufficient to sustain the judgment of the trial court.

The counsel for appellant insists that it is so improbable as to be unworthy of credit.   The facts testified to by appellees are not such as would characterize the transactions of prudent men of business, but it is a matter of daily observation that husbands and wives are not always discreet in their financial dealings with one another.   Often their financial methods are irregular and lax.   A husband should, however, be allowed even the belated discharge of an obligation to his wife, and she permitted to receive from him payment of a stale claim.   Of course, the whole business should be honest.   A portion of the testimony in the case at bar in support of appellee Mary Werry's claim seems wanting in probability, yet the trial court was in the best position to determine the truthfulness or probability of her evidence. That he gave credit to her story is manifest, and, accepting it, there is a preponderance of evidence in her favor.

Appellees insist that no question is presented for decision, because the evidence is not properly in the record.   Without passing upon this question we have read the evidence and conclude that the judgment should be affirmed.