CHAPMAN ET AL. v. BENDER.

[No. 9,919. Filed October 7, 1919.]

WILLS.—*Rights of Devisees and Legatees.—Election by Husband.— Necessity of.—Statutes.*—Where a wife's will devised her estate to her children and provided that they should support her husband, who was made executor, there was such a provision for him that he took under the will, without election, as provided by §3046 Burns 1914, Acts 1907 p. 73, and therefore he had no interest in her real estate under §3016 Burns 1914, Acts 1891 p. 71.

From Vanderburgh. Circuit Court; *Duncan C. Givens*, Judge.

Action by Laura Bender against Floyd Chapman and another. From the judgment rendered, the defendants appeal. *Affirmed.*

*George K. Denton* and *E. H. Ireland,* for appellants.

*Roscoe Kiper, Henry F. Fulling, William Smith* and *Allen McCullough,* for appellee.

NICHOLS, P. J.—Appellant Rebecca Schreeder recovered judgment in the Warrick Circuit Court against Frank Werry on a note, after which said Werry transferred the real estate involved in this action to his wife, Mary Werry. A suit was brought

to set aside this conveyance, which was decided in favor of the wife, appealed to the Appellate Court, and affirmed, being reported in 35 Ind. App. 84, 73 N. E. 832. Afterwards the said Mary Werry made her will, which at her death was probated June 6, 1914, in the Spencer Circuit Court. Items 2 and 3 of said will, being the parts thereof in controversy in this case, are as follows:

"Item 2. I give and devise all the residue of my estate, both real and personal, to Philip C. Werry, Katie Preston, Laurie Bender, Rosie Werry and Leslie E. Werry, my five children, share and share alike, it being the intention of this testatrix to divide all my estate equally among my five children; but with the provision that my said children shall provide a comfortable living during his lifetime, for my husband, their father, Frank Werry, at their own homes or at such other as they may with his consent provide; but notwithstanding, they may sell or convey this real estate if they so desire without any limitation of this will.

"Item 3. I constitute and appoint Frank Werry, my husband, my executor of this my last will and testament, and it is my desire that he act as such executor without bond."

She was, at the time of her death, still the owner of said real estate. Afterward the children of said Mary Werry, devisees in the said will, other than the appellee, conveyed their interests in the real estate to the appellee. Execution was issued on said judgment against said Frank Werry by the clerk of the Spencer Circuit Court, and the sheriff of Spen-

cer county (whose successor in office is appellant Chapman), levied upon the undivided one-third of said real estate claiming it to be the property of the said Frank Werry. Thereupon the appellee filed her complaint in this cause, asking for an injunction against the appellants, enjoining the sale of said real estate. To this complaint the appellants filed an affirmative answer of one paragraph, to which a demurrer by the appellee was sustained by the court, which ruling of the court constitutes the only error assigned. This answer contains substantially the foregoing facts, including the said will, and further avers that said Frank Werry did not and has not made an election under the laws of the State of Indiana to take under the will, and that he is the owner of the undivided one-third of the real estate as the heir of said Mary Werry, deceased.

It is contended by the appellants that said Frank Werry took nothing from his wife's estate by her will, that there was no provision for him under §3046 Burns 1914, Acts 1907 p. 73, and that his interest in his wife's estate is, therefore, by virtue of §3016 Burns 1914, Acts 1891 p. 71. These sections are as follows:

§3046.—"That whenever any personal or real property be bequeathed or devised to any husband, or a pecuniary or other provision be made for him in the will of his late wife, such husband shall take under the will of his late wife, and he shall receive nothing from his wife's estate by reason of any law of descent of the State of Indiana, unless otherwise expressly provided in said will, unless he shall make his election to retain the rights in his wife's estate given to him under the laws of the State of Indiana,

which election shall be made in the manner hereinafter provided.''

§3016.—''If a wife die testate or intestate leaving a widower, one third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage; Provided, If the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the state of Indiana, which election shall be made within ninety days after said will has been admitted to probate in this state and in the same manner in which widows are now required to elect in such cases.''

It will be observed that §3046, *supra,* gives the husband his interest under the will, unless he elects to take under the law, while §3016, *supra,* gives him his interest under the law, unless he elects to take under the will.

If said will makes any bequest, or devise, or any pecuniary or any other provision to or for Frank Werry, appellants must fail, but if there be in said will no bequest or devise, or other provision, for Frank Werry, then appellee must fail.

In such a case the devisees, having accepted the devise, are personally liable for the support of their father in the manner provided in the testator's will and, failing to furnish such support, the father has a right of action to recover therefor against them. *Eikman* v. *Landwehr* (1909), 43 Ind. App. 724, 88 N. E. 105, 526. This is certainly a provision for him. Further, he is named as executor of the will, which, of course, implies compensation for his services, had there been occasion for his appointment as executor. This has been held to be a provision for him.

These provisions having been made for him in the will of his deceased wife, he takes under such will, without election, as provided in §3046, *supra,* and therefore has no interest in the real estate under §3016, *supra.* *Studebaker Bros. Mfg. Co.* v. *DeMoss* (1916), 62 Ind. App. 635, 113 N. E. 417.

The judgment is affirmed.