## BRASSAND *v.* STONER.

[No. 12,674.　Filed April 1, 1927.]

1. WILLS.—*Testator's expressed wish that property bequeathed go to person named, at the death of legatee, does not create a precatory trust.*—Where a testator wills property to another, with words sufficient to show an intent to make the gift absolute, a subsequent expression of a wish or desire that, on the death of such person, the property shall go to another, is not sufficient to create a precatory trust.　p. 52.

2. WILLS.—*Precatory words in a will may be mandatory and equivalent to a positive direction of the testator.*—Where a will bequeathed all of testatrix' property to her two sons, but contained a subsequent request that they provide a home and the necessities of life for her husband, the precatory words used were mandatory and equivalent to a positive direction to the devisees to furnish such support, a burden which they were bound to assume on the acceptance of their bequests (*Mitchell* v. *Mitchell*, 143 Ind. 113, *Mulvane* v. *Rude*, 146 Ind. 476, and *Snodgrass* v. *Brandenburg*, 164 Ind. 59, distinguished). p. 52.

3. DESCENT AND DISTRIBUTION.—*Provision for husband within meaning of statute as to his election between his wife's will and the law.*—A wife's will which, after giving all her property to her two sons, contained the following language: "I request that my sons furnish for my husband * * * a suitable habitat and provide him with the necessities of life during his life," made a provision for her husband within the meaning of §3357 Burns 1926, and he would take under the will unless he elected to take under the law, and, therefore, he acquired no interest in his wife's property which was subject to execution.　p. 52.

From Newton Circuit Court; *George A. Williams,* Judge.

Proceeding supplementary to execution by Victor T. Brassand in which he requested that Oliver F. Stoner be required to answer as to his interest in certain prop-

erty. From a judgment in favor of defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*T. B. Cunningham, M. E. Graves* and *J. A. Dunlap,* for appellant.

*James C. Murphy* and *Hanley & Hanley,* for appellee.

McMahan, C. J.—Proceedings by appellant under §593 of the Civil Code, Acts 1881 (Spec. Sess.) p. 240, §882 Burns 1926, against appellee supplementary to execution, asking that appellee be required to answer as to his interest in certain property, a telephone plant in the town of Morocco, which appellant alleges is owned by appellee and which he refuses to apply toward the satisfaction of a judgment theretofore rendered in favor of appellant, execution on which had been issued and was then in the hands of the sheriff.

At and prior to her death, Esther A. Stoner, who was the wife of appellee, was the owner of the telephone plant in question. Mrs. Stoner died testate in March, 1925. By her will, after providing for the payment of her debts and the erection of a monument at her grave, she gave to her sons, George W. and William O. Stoner, all the residue and remainder of her estate, both real and personal, share and share alike.

Item 5 of her will is as follows: "5th. I further request that in the event of my demise that my sons furnish for my husband Oliver F. Stoner, should he be living, a suitable habitat and provide him with the necessities of life during his life should they survive him."

The sons, George and William, were named as executors, and after the death of their mother and the probating of her will, qualified as executors and are now so acting. Following the probate of the will, appellee, the surviving husband of the testatrix, elected to take under the will.

The sole and only question for our determination is

whether or not Mrs. Stoner made any provision in her will for her surviving husband. The trial court held she did and that no part of the property owned by Mrs. Stoner at the time of her death was subject to execution to satisfy a judgment against the surviving husband. Appellant concedes that if the will made any provision for the surviving husband, the judgment must be affirmed.

Appellant's contention is that no provision was made in the will for appellee; that the testatrix disposed of her entire property, giving the same to her sons by clear and distinct language, the attempted provision subsequently made in item 5 of the will being merely an unenforcible request, and must be construed as making no provision for appellee.

The following statute has been in force in this state since 1853: "If a wife die testate or intestate, leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage." §2485 R. S. 1881, §3345 Burns 1926. A proviso by way of an amendment was added to this section in 1891 (Acts 1891 p. 71). This proviso, however, was repealed by implication in 1901, Acts 1901 p. 118, §3346 Burns 1926, and need not be noticed here. See, also, §3357 Burns 1926, §2, ch. 48, Acts 1907 p. 73, which provides that whenever any personal or real property be bequeathed or devised to any husband, or a pecuniary or other provision be made for him in the will of his late wife, he shall take under the will and not under the law of descent unless he elects to take under the law. And it has been held that where no property is given to the husband and no pecuniary or other provision is made for him by his wife's will, he is not required to elect. In such a case, the will does not affect his rights. He,

by remaining passive, takes by descent. But if any property be given him, or any pecuniary or other provision is made for him in such will, he will take under the will unless he elects to take under the law. *Studebaker Bros. Mfg. Co.* v. *DeMoss* (1916), 62 Ind. App. 635, 113 N. E. 417; *Chapman* v. *Bender* (1919), 71 Ind. App. 115, 124 N. E. 397.

In the Studebaker case, the testatrix willed all of her property to her husband in trust for the use, benefit, support and education of their daughter, for which purpose, he was directed to use the income from the trust and any part of the principal he deemed necessary, and if he wished, he was to be allowed liberal compensation for his services. It was there held that the provision made for the husband was of enough value to require him to elect to take under the law if he desired so to take.

In *Chapman* v. *Bender, supra,* the wife gave all of her property to her five children, with the provision they should provide a comfortable living for the husband during his lifetime. The children were given authority to sell or convey the property if they desired without being limited by any provision of the will. The husband was named as executor in the will. The inference to be drawn from the opinion is that there was no occasion for his qualifying and that he did not qualify as executor. It was there held that the children, having accepted the devise to them, were personally liable for the support of their father, and failing to furnish such support, he had a right of action to recover therefor against them, and that it was a sufficient provision for him, and that he had no interest in the real estate so devised to the children.

In *Colton* v. *Colton* (1888), 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138, a testator by his will gave all of his estate, real and personal, to his wife. The will con-

tained the following provision: "I recommend to her the care and protection of my mother and sister, and request her to make such gift and provision for them as in her judgment will be best. I also request my dear wife to make such provision for my daughter Helen, wife of Crittenden Thornton, and Carrie, as she may in her love for them choose to exercise." Held, under the circumstances, to give a beneficial interest to the mother and sister, to the extent of a permanent provision for them during their respective lives, suitable and sufficient for their care and protection, having regard to their condition and necessity, and to the amount of the fund; that it was the duty of the court to ascertain and declare what provisions under the circumstances would be suitable. And, in discussing the effect of the recommendation and request quoted, the court said: "It is an error to suppose that the word 'request' necessarily imports an option to refuse, and excludes the idea of obedience as corresponding duty. If a testator requests his executor to pay a given sum to a particular person, the legacy would be complete and recoverable. According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where that is the evident purpose and meaning of the testator; * * *."

And in *Murphy* v. *Carlin* (1892), 113 Mo. 112, 20 S. W. 786, 35 Am. St. 699, a case quite analogous to the instant case, the court said: "The precatory words in this case are a positive and unequivocal expression of the wish and desire of the testator; and the fact that the whole estate is bequeathed absolutely and immediately before the precatory words are used, ought not in this, as they did in that case (*Noe* v. *Kern* [1887], 93 Mo. 367, 3 Am. St. 544), prevent the trust from attaching—provided such was the intention of the testator." See, also, *Eikman* v. *Landwehr* (1909), 43 Ind.

App. 724, 88 N. E. 105; *Dexter* v. *Evans* (1893), 63 Conn. 58, 38 Am. St. 336; *Eberhardt* v. *Perolin* (1891), 48 N. J. Eq. 592, 23 Atl. 503; *Byers's Estate* (1898), 186 Pa. 405, 40 Atl. 525; *Hadley* v. *Hadley* (1898), 100 Tenn. 446, 45 S. W. 344.

*Snodgrass* v. *Brandenburg* (1904), 164 Ind. 59, 71 N. E. 137, 72 N. E. 1030; *Mulvane* v. *Rude, Exr.* (1896), 146 Ind. 476, 45 N. E. 659; and *Mitchell* v. *Mitchell* (1895), 143 Ind. 113, 42 N. E. 465, cited by appellant are not controlling. In each of these cases, the prior clause of will gave to the person named therein an absolute fee, but the request following was not laid upon such person directly as in the instant case.

Where a testator by his will gives property to another with words sufficient to show an intent to make the gift absolute, a subsequent expression of a wish or desire that, upon the death of such person, the property shall go to another is not sufficient to create a trust. In the instant case, the "request" is laid directly upon the two sons, and is intended to be effective during their lifetime, and is such a provision in favor of appellee as will prevent him from receiving or taking anything from his deceased wife's estate by reason of any law of descent, in the absence of an election to take under the law of descent. The two sons, by accepting the property given them by the will of their mother, are personally bound to furnish appellee "a suitable habitat and provide him with the necessities of life during his life" as provided in item 5 of their mother's will. The trial court correctly held that no part of the property owned by Mrs. Stoner at the time of her death was subject to execution to satisfy a judgment against appellee.

Judgment affirmed.

Dausman, J., absent.