WATSON, SHERIFF, ET. AL. *v.* ROBERTS ET AL.

[No. 16,352.   Filed March 27, 1940.   Rehearing denied
October 15, 1940.]

*John F. Wiggins,* of Fortville; *George F. Dickmann,*
and *Charles L. Tindall,* both of Greenfield; and *Scotten
& Hinshaw,* of New Castle, for appellants.

*Eli P. Myers,* of Elwood; and *Pence, O'Neill & Diven,* of Anderson, for appellees.

CURTIS, J.—This was an action instituted by the appellees against the appellants for an injunction and to quiet title in the appellees to certain real estate.

The complaint was in one paragraph. The appellants filed an answer in but one paragraph, to which the appellees filed a demurrer, alleging that the answer did not state facts sufficient to constitute a cause of defense to the action set up in the complaint. The demurrer was sustained and the appellant declining to plead further, the court rendered judgment for the appellees upon their complaint as upon default against the appellants, quieting the title to the real estate in the appellees and granting the injunction prayed for in the complaint.

The sole error assigned upon appeal is alleged error in sustaining the demurrer to said answer.

The undisputed facts as disclosed by the complaint and the answer are simple indeed. The exact law question presented, however, so far as we are advised has never been directly decided by either the Supreme Court of this state or by this court.

The following are the pertinent facts: The appellant, John T. Gwinn, obtained a judgment against one John Raymer (sometimes designated as John T. Raymer) in the Henry Circuit Court. Afterward the wife of said John Raymer, Merle L. Raymer, died testate devising and bequeathing all of her real and personal property to her children, the appellees herein, making no provision whatever for the surviving husband, John Raymer, except that he be appointed executor of her will. An execution upon the appellant Gwinn's judgment was sued out and issued to the sheriff of Hancock County,

Indiana, who levied the same upon the real estate described in the appellees' complaint and under it was about to sell the undivided one-third thereof to satisfy said execution upon the theory that the surviving widower, John Raymer, inherited one-third of such real estate under the law of descent of the State of Indiana. The execution was delivered to and levied by Clarence Watson, Sheriff of Hancock County, Indiana, one of the appellants herein. The appellants, other than Watson and Gwinn, were attorneys rendering services in procuring Gwinn's judgment and who took liens upon such judgment for the value of their services and, on that account, were made parties defendant to this action. The complaint sought to quiet title to said real estate and an injunction against the appellants to prevent the enforcement of said execution. The special answer in one paragraph filed by the appellants to the complaint set up all of the facts and proceeded upon the theory that John Raymer, as the surviving widower of Merle L. Raymer, deceased, inherited the undivided one-third of the real estate described in the complaint because no provision within the meaning of the law was made for him in the will of his said deceased wife, and that, although he was appointed executor of said will and qualified as such that that fact did not amount to a bequest of real or personal property or to a "pecuniary or other provision" for such surviving husband within the meaning of the law and that the statute of descent cast upon him the undivided one-third of the real estate described in the complaint, notwithstanding the provisions of such will. He made no election or attempted election within the period fixed by law or at any time. It has been previously mentioned that the trial court sustained the appellees' demurrer to the sole paragraph of answer of the appellants. This ruling presents the

sole question upon this appeal under the appellants' assignment of error.

The demurrer is somewhat lengthy and we do not deem it necessary to set it out in full. It was upon the ground that the answer did not state sufficient facts to constitute a cause of defense to the complaint. We set out two of its grammatical paragraphs as follows:

"If the appointment of her said husband as executor of her will by the wife constituted a pecuniary or other interest made for his interest in her estate, then the husband takes under the will and not of her estate under the law.

"If under the law such appointment as executor does not constitute a pecuniary interest or other provisions in his wife's estate, then her said husband takes under the law of descent his interest in the estate."

These two grammatical paragraphs of the memorandum to the demurrer present the question as viewed by appellants, it being their contention that such appointment and qualification as such executor do not constitute a pecuniary or other provision for the husband within the meaning of the statute.

The statute in question is § 6-2333, Burns' 1933, Acts 1907, Ch. 48, § 2, p. 73. It is as follows:

"Whenever any personal or real property be bequeathed or devised to any husband, or a pecuniary or other provision be made for him in the will of his late wife, such husband shall take under such will of his late wife, and he shall receive nothing from his wife's estate by reason of any law of descent of the state of Indiana, unless otherwise expressly provided in said will, unless he shall make his election to retain the rights in his wife's estate given to him under the laws of the state of Indiana, which election shall be made in the manner hereinafter provided."

In passing it may be mentioned that § 6-2332, Burns' 1933, makes substantially an identical provision for a wife.

We have not found it necessary to an understanding of this opinion to set out a copy of the wife's will. The only item of the will that in any manner relates to the husband, the said John T. Raymer, is as follows: "Item 4. I hereby nominate and appoint my beloved husband, John T. Raymer, executor of this my last will and testament." The will disposed of the entire estate of the decedent, including the real estate in question, to the appellees, who were her children, to the entire exclusion of her husband, the said John T. Raymer.

It is the appellants' contention that the provision in the wife's will just quoted is not "a pecuniary or other provision" for her said husband, and that the provisions of said § 6-2333, Burns' 1933, *supra*, are not applicable requiring an election on his part and that in fact since no personal or real property was bequeathed or devised to him and no pecuniary or other provision made for him that he was therefore not bound to make an election and that the one-third of her real estate, including the one-third of the real estate in question, descended to him under § 6-2321, Burns' 1933, and that the law cast this interest in his wife's real estate upon him without any act whatever upon his part.

We think that the appellants' contentions in the main are well taken and that the ruling of the trial court upon the demurrer to the answer was erroneous.

The determination as to whether or not the said provision in the wife's will heretofore quoted is a "pecuniary or other provision" within the meaning of the statute, § 6-2333, Burns' 1933, *supra*, is the only question for determination. It is true as contended for by the appellees that the right of elec-

tion is in the husband and not in his creditors. See *Traudt* v. *Hagerman* (1901), 27 Ind. App. 150, 60 N. E. 1011. But the appellees overlook the fact that the law cast upon him his one-third interest in wife's real estate without any act whatever upon his part and of course without any act whatever upon the part of his creditors unless the provisions of § 6-2333, Burns' 1933, *supra*, intervene. If the will in question "bequeathed or devised" to the husband "any personal or real property" or made "a pecuniary or other provision" for him then he was required, if he desired to "retain the rights in his wife's estate given to him under the laws of the state of Indiana" to make his election as provided in the said act, § 6-2333, Burns' 1933, *supra*. We think that the mere naked naming of him in the wife's will as executor and his qualification and acting as such did not constitute the bequeathing or devising to him of any personal or real property nor did it constitute the making of a pecuniary or other provision for him within the meaning of said statute. We make no attempt to enumerate the possibly innumerable "pecuniary or other provisions" that might be made in a will for the benefit of a husband or wife as the case might be, nor do we attempt to lay down any hard and fast rule whereby a determination could be made in a particular case as to whether or not such a pecuniary or other provision had been made so as to require an election in order to "retain the rights" in the spouse's estate. The "pecuniary or other provision" would no doubt vary as the wishes of the decedent might be lawfully expressed in the will. Each case therefore would stand upon its own facts. In the instant case it may be repeated that no attempt whatever was made to do more for the husband than to name him as the naked executor of the wife's will. While it is not necessarily controlling

it is to be noted that items 2 and 3 of the will are the items purporting to dispose of the wife's entire property and that they contain no provision for him. He was named as executor in a separate item of the will following said items 2 and 3 thereof.

In passing we may mention that the proviso in said § 6-2321, Burns' 1933, *supra,* as to an election to take under the law or the will has been reversed by said § 6-2333, Burns' 1933, *supra,* the provision now being that the surviving spouse takes under the will unless there is an election to take under the law where an election is necessary.

The cases mainly relied upon by the appellees are: *Studebaker Brothers Mfg. Co.* v. *DeMoss* (1916), 62 Ind. App. 635, 113 N. E. 417; *Chapman* v. *Bender* (1919), 71 Ind. App. 115, 124 N. E. 397; *Brassand* v. *Stoner* (1927), 86 Ind. App. 47, 155 N. E. 721. We think that these cases are readily distinguishable from the instant case. In the Studebaker case, *supra,* the wife by her will made her husband both the trustee of a trust which she created and the executor of her will. It was provided that in the management of the trust he was given broad powers and could use the trust funds for the use, benefit, support, maintenance and education of their daughter whom the court states by reasonable inference was a minor. While this provision would not relieve the husband (father) of the legal liability to support his child as contended for by the appellants, yet so long as that support was sufficient, and given to the child, he would be to that extent benefited by the provision in that he would, during such support period, be relieved of the necessity of himself personally furnishing said support. There was another provision in the will that "said trustee, if he wishes the same, shall be allowed out of said trust fund

liberal compensation for his services rendered by him as such trustee." The court also said in that opinion that "The question of whether a nomination to an executorship would of itself constitute a provision within the meaning of the statute is not presented or decided." We fail to see how said case is helpful to the appellees. In the Bender case, *supra,* the will gave to the wife's children her property upon the condition that "they shall provide a comfortable living during his lifetime for my husband." On account of the provision just quoted that case can lend no aid to the appellees. In the Brassard case, *supra,* the will after giving the decedent's property to her two sons provided: "I request that my sons furnish my husband a suitable habitat and provide him with the necessities of life during his life."

While the question under consideration in the instant case has not been directly before the Supreme Court of this state, yet that court has repeatedly held in cases involving the competency of one named as executor in a will to act as a witness in the probate of the will, that the person so nominated as executor has no interest nor has he derived any benefit or advantage by virtue of that fact in the estate which he is to administer which would destroy his competency as a witness. See: *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5, 110 N. E. 662; *Hiatt* v. *McColley* (1908), 171 Ind. 91, 85 N. E. 772; *Wisehart* v. *Applegate* (1909), 172 Ind. 313, 88 N. E. 501. The above cases, together with the many cases cited therein, throw a strong sidelight upon the instant case.

Were anything else needed in reaching the conclusion heretofore announced it should be mentioned that the statute under consideration (§ 6-2333, Burns' 1933, *supra*) proceeds to enumerate certain specific things

such as personal and real property and pecuniary provision, followed by the general word or phrase "other provision." Under the well recognized doctrine of *ejusdem generis* the phrase "other provision" will be held to refer to things of the same kind as those specified, unless the language of the statute would clearly require a different construction of the word or phrase. Applying this doctrine the phrase "other provision" would clearly be construed to mean more than a mere naked nomination to an executorship.

Henry's Probate Law and Practice, Vol. 1, has been helpful, especially sections 259-260, et seq.

As previously indicated, we are of the opinion that the trial court erred in its ruling on the demurrer. Judgment reversed with instructions to overrule the demurrer to the answer and for further proceedings not inconsistent herewith.

Judgment reversed.

Bridwell, P. J., and Dudine, J., dissent.

NOTE.—Reported in 26 N. E. (2d) 75.

### DISSENTING OPINION.

DUDINE, J.—As is indicated in the majority opinion, there is in effect but one question involved in this appeal, and that is the question whether or not the provision in the will involved in this case by which appellee, John Raymer, widower of the testatrix, was nominated executor of her last will, was a "pecuniary or other provision" within the meaning of that phrase as used in § 6-2333, Burns' 1933.

"The law as it existed prior to 1891 cast upon the husband one-third of his deceased wife's real estate. By the Act of March 4, 1891, Sec. 2642, Burns' 1894, Sec. 2485, Horner 1897, the proviso was added to the statute giving to the widower the right to elect to take

under the will, making the statute read as follows: 'If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, . . . provided, if the wife shall have left a will, such widower may elect to take under the will instead of this or any other law of descents of the State of Indiana. . . .'" (§ 6-2321, Burns' 1933.)

"The statute providing for the disposition of property by the will of the husband or wife and for an election by either of them to accept its benefits, is for the benefit of those sustaining that relation. They (the statutes) have reference only to their (husband's or wife's) interests and preferences; the interests of the creditors are not taken into consideration. It is a matter solely between the husband and wife. It permits that to be done after the death of either one of them, with reference to that portion of the estate of the deceased which without the authority of the statute vested at once in the survivor, what together they might have done during their joint lives. The right of election is in the husband and not in his creditors. . . ." *Traudt* v. *Hagerman* (1901), 27 Ind. App. 150.

It is apparent from the language of this court which we have quoted from *Traudt* v. *Hagerman, supra,* that the statute construed in that case is different from § 6-2333, Burns' 1933, *supra,* which governs this case, but the reasoning in that opinion, which we have quoted, is applicable to § 6-2333, Burns' 1933, *supra.* See *Studebaker Bros. Mfg. Co.* v. *DeMoss* (1916), 62 Ind. App. 635, wherein similar statements are made with reference to § 6-2333, Burns' 1933, *supra.*

The majority opinion purports to distinguish the case of *Studebaker Bros. Mfg. Co.* v. *DeMoss* (1916), 62 Ind. App. 635, *supra,* from the instant case. That case *is distinguishable in facts* from the instant case as set

forth in the majority opinion *but the decision in the Studebaker case, supra, is not based upon such difference in facts.*

This court said in that case: "The statute (§ 6-2333, Burns' 1933, *supra*) is to the effect that if any provision is made for the husband by the wife's will, regardless of whether it be a property provision, a pecuniary provision, or a right not strictly classified as property, or not strictly of a pecuniary nature, the fact of such provision requires him to elect in manner and form as specified 'to retain the rights in his wife's estate given him under the laws of the state,' and failing so to do, he 'shall take under such will of his late wife, and he shall receive nothing by reason of any law of descent of the State of Indiana. . . .' *The obligation to elect does not depend on comparative values.* The provision made for him by the will may be very much less in value than his rights under the statutes of descent, or it may have no real marketable or monetary value, still if it confers on him some benefit, he is put to an election. *The fact of a provision made by the will, rather than its value, arouses the obligation to elect.* . . . As a practical proposition . . . selection to a trusteeship of an extensive estate where the trust is to continue for a long period of time might have a very considerable pecuniary value. Under other circumstances, the pecuniary value of the trusteeship might be small. In the case at bar the monetary value to the trustee of the trust created by the will may be small or it may be large. On this subject the record does not advise us. Nor is it important in the determination of this cause. . . . The *right* created in the husband to execute the trust created by the will and to serve as executor thereunder involves enough of

value to amount to a provision for the husband by the wife's will." (My italics.)

We think the language which we have quoted from the Studebaker case, *supra,* and that opinion as a whole, show clearly that the decision of this court, as to whether or not said provisions in the Studebaker will made for the husband were "pecuniary or other provisions" within the meaning of that phrase as used in § 6-2333, Burns' 1933, *supra, is predicated on the fact that by said provisions the husband acquired the right to act as executor and the right to act as trustee,* and that said decision is *not* predicated upon the fact that by said provisions in the will the husband obtained a "release" from his obligation to support his child and an opportunity to obtain "reasonable compensation" by acting as trustee.

I consider the reasoning which we have quoted from *Traudt* v. *Hagerman, supra,* and from the Studebaker case, *supra,* to be sound and applicable to the instant case.

The question as to whether or not an executor is competent to testify as a witness in matters concerning the estate, of which he is executor, has no pertinency to the question as to whether or not a provision in a wife's will nominating her husband as executor of her will is a "pecuniary or other provision" made for him within the meaning of that phrase as used in § 6-2333, Burns' 1933, *supra;* therefore, the decisions of this court and our Supreme Court involving the competency of persons named as executors, to testify as witnesses in estate matters, some of which decisions are cited in the majority opinion, can shed no light upon the question involved in this case.

The "ejusdem generis" doctrine referred to in the majority opinion is not applicable here because we do

not have before us, for construction, a statute where "words of a *particular* description . . . are followed by general words that are not so specific." (My italics.) See *Miller* v. *State* (1889), 121 Ind. 294, 23 N. E. 94, followed in *McNamara* v. *State* (1932), 203 Ind. 596, 181 N. E. 512. Here we have words or terms of a *general description,* to wit: "Personal (property provisions)," "real property (provisions)," and "pecuniary (provisions)," followed by the general words or term "other provisions."

The construction placed upon § 6-2333, Burns' 1933, *supra,* by the majority opinion, in effect, reads the words or term "other provision" out of said statute and it is, in effect, a holding that said term is meaningless. It is my opinion that said term "other provision," as used in said statute, means "other provision or provisions which are not of the same kind as personal property provisions, real property provisions or pecuniary provisions."

It is therefore my opinion that the provision in the wife's will, by which her husband was nominated executor of her last will, was a "pecuniary or other provision" within the meaning of that phrase as used in § 6-2333, Burns' 1933. The reasoning which we have quoted from *Traudt* v. *Hagerman, supra,* and from *Studebaker Bros. Mfg. Co.* v. *DeMoss, supra,* supports such opinion.

The judgment should have been affirmed.

Bridwell, P. J., concurs in this dissenting opinion.

NOTE.—Reported in 26 N. E. (2d) 75.